UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT, Plaintiff, v. GAVIN NEWSOM, et al., Defendants. | Case No.: 26-cv-2809-RSH-VET **ORDER OF DISMISSAL** [ECF Nos. 7, 10, 16, 17] |

Before the Court are three motions to dismiss filed by the Defendants in this case. *See* ECF Nos. 7, 16, 17. Plaintiff, proceeding pro se, opposes the first motion to dismiss, filed by the County of San Diego (the "County") and the County of San Diego Board of Supervisors (the "Board"), *see* ECF No. 7, as well as the second, filed by Summer Stephan, the San Diego County District Attorney, *see* ECF No. 16. Plaintiff does not oppose the third motion to dismiss, filed by Governor Gavin Newsom (together with the County and Stephan, "Defendants"). *See* ECF No. 17 (Governor Newsom's Motion to Dismiss); ECF No. 21 (Plaintiff's Non-Opposition to Governor Newsom's Motion to Dismiss). All three motions have been fully briefed, and the Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d). For the reasons set forth below, all three motions are granted.

## I. PROCEDURAL HISTORY

This is the latest case filed by Plaintiff Susan Klat related to the tragic death of her grandson, Dejon Marques Heard, who was shot by a San Diego Police Officer on July 6, 2024. *See* ECF No. 1 (Complaint), at ¶ 1. Plaintiff has brought at least other five cases in this district related to these events, including:

1. *Klat v. Wahl et al.*, Case No. 3:24-cv-01474-BAS-AHG;
2. *Klat v. Roddy et al.*, Case No. 3:25-cv-00065-WQH-BJW;
3. *Klat v. Morrill et al.*, Case No. 3:25-cv-00241-WQH-BJW;
4. *Klat v. City of San Diego et al.*, Case No. 3:25-cv-01161-RSH-VET; and
5. *Klat v. City of San Diego et al.*, Case No. 3:26-cv-01293-TWR-DEB

In addition, Plaintiff identified two cases brought in the United States District Court for the District of Columbia arising out the same events:

1. *Klat v. Bondi et al.*, Case No. 1:25-cv-04509-AHA; and
2. *Klat v. Caesar et al.*, Case No. 1:26-cv-00192-AHA.

Each of these cases has been dismissed. *See Klat v. Wahl*, 2025 WL 333794 (S.D. Cal. Jan. 29, 2025); *Klat v. Roddy*, 2025 WL 2962002 (S.D. Cal. Oct. 20, 2025); *Klat v. Morrill*, 2025 WL 2962440 (S.D. Cal. Oct. 20, 2025); *Klat v. City of San Diego*, 2025 WL 3022851 (S.D. Cal. Oct. 29, 2025); *Klat v. City of San Diego*, 2026 WL 915026 (S.D. Cal. Apr. 3, 2026); *Klat v. Bondi*, 2026 WL 127609 (D.D.C. Jan. 16, 2026); Minute Order, *Klat v. Caesar*, Case No. 1:26-cv-00192-AHA (D.D.C. Feb. 10, 2026).

Although the claims in each of the above-listed cases have varied slightly, all arise in some way out of Mr. Heard's death. Most relevant to this case is *Klat v. City of San Diego*, Case No. 3:25-cv-01161-RSH-VET, in which Plaintiff brought claims against the City and County of San Diego, members of the San Diego Police Department, members of the San Deigo Sheriff's Department, and various Doe defendants for excessive force, in violation of the Fourth and Fourteenth Amendments, under 42 U.S.C. § 1983, as well as state-law claims for wrongful death, negligence, and misrepresentation. *See* 2025 WL 3022851, at *1. This Court dismissed Plaintiff's first complaint in that case for lack of

subject matter jurisdiction. *See* Case No. 3:25-cv-01161-RSH-VET, ECF No. 24, at 3–7. This Court explained that a Section 1983 suit can be maintained by "the survivors of an individual killed as a result of an officer's excessive use of force . . . if the relevant state's law authorizes a survival action . . . and that plaintiff meets the state's requirements for bringing a survival action." *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Because a survivor action cannot be maintained under California law unless a qualifying declaration is filed under Cal. Civ. Proc. Code § 377.32, and Plaintiff failed to produce such a declaration, this Court dismissed her complaint with leave to amend. *See* Case No. 3:25-cv-01161-RSH-VET, ECF No. 24.

Plaintiff filed an amended complaint alleging that she was "the uncontested de facto party-child shared custodian, caretaker, and financial supporter" of Mr. Heard, and attached various documents, including report cards from Mr. Heard's elementary school, which Plaintiff alleged supported her claim that she was Mr. Heard's "de facto parent." *See* 2025 WL 3022851, at *3 (internal quotation marks omitted). Because those documents did not satisfy the requirements of Cal. Civ. Proc. Code § 377.32, this Court again dismissed the action for lack of standing and jurisdiction. *See* 2025 WL 3022851, at *4.

Plaintiff's complaint in this case takes a slightly different tack. Plaintiff begins by attaching various documents from 1992–1996 related to her loss of custody over her daughter, Jennifer Klat, who is Mr. Heard's mother, and the birth of Jennifer's first child. *See* ECF No. 1-2. Although difficult to follow, Plaintiff appears to allege that a 1995 order requiring Plaintiff to pay child support to Jennifer to support her first child—who is not Mr. Heard—established her as Mr. Heard's de facto parent and caregiver. *See generally* ECF No. 1, at ¶¶ 14–16. Based on this allegation of "legal standing," Plaintiff alleges that Governor Newsom, the County, the Board, and Ms. Stephan "act[ed] together, under the illusion of authority granted to each entity and individual . . . [to] knowingly and deliberately disregard[] the 1995-1996 San Diego Superior Court's legal chain-of-custody and responsible-party order-decision granting the plaintiff legal standing, with the knowledge that the 1995 order established the plaintiff, Susan Klat, grandmother and well-

known surviving de facto co-parent, as the rightful aggrieved party with standing to sue for damages arising from the death of . . . [Mr.] Heard," in violation of the Fourteenth Amendment. *Id.* at ¶ 20. She alleges that Defendants acted "for the sole purpose of concealing the City and County of San Diego's longstanding ('still ongoing') illicit and unconstitutional, silently sanctioned, politically accepted practice of excusing away law-enforcement targeted hate crimes to avoid explanation and future holding accountability." *Id.* She also alleges that Defendants conspired "to obstruct [her] ability to get access to the truth, and impartial review from a knowledgabl[e] federal judge." *Id.* at ¶ 21. In other words, Plaintiff's present complaint is distinct from her previously-filed cases in that she alleges a violation of her own federal constitutional rights, based on Defendants' alleged conspiracy to "knowingly and deliberately disregard[]" her standing. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court accepts all material factual allegations as true and draws all reasonable inferences in favor of the non-movant. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Conclusory allegations need not be accepted as true. *See Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). Although pro se filings are "liberally construed . . . under *Iqbal*," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court "may not supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

//

## III. ANALYSIS

Defendants do not dispute that Plaintiff has standing to bring this action, alleging a violation of *her own* federal constitutional rights. Rather, Defendants argue that Plaintiff's complaint should be dismissed under either Fed. R. Civ. Proc. 8 or 12(b)(6). The Court agrees that the case should be dismissed under Rule 12(b)(6). Plaintiff alleges that Defendants conspired to conceal documents that would have established her standing to bring a survival claim. *See* ECF No. 1, at ¶ 20. But her complaint ignores the reason that this Court dismissed her prior case, and does not plead facts that plausibly establish her standing to bring such a claim.

As this Court has explained, a survivor § 1983 action can be maintained only if the plaintiff files a declaration that complies with Cal. Civ. Proc. Code § 377.32. Here, as before, Plaintiff has not produced such a declaration. Rather, Plaintiff attached several documents dated between 1992 and 1996 related to her daughter Jennifer's custody proceedings and the child support order entered against Plaintiff. *See generally* ECF No. 1-2. These documents predate Mr. Heard's birth, and none appear to have any relevance to Plaintiff's relationship with him.

In arguing to the contrary, Plaintiff's complaint and her briefs in opposition to two of the motions to dismiss cite California Family Code § 7505, which Plaintiff refers to as the 'exception-to-the-rule' establishing the grandmother's legal standing." *See* ECF No. 18, at 8; *see also* ECF No. 1, at ¶¶ 15, 19; ECF No. 12, at 2. That provision states that "[t]he authority of a parent ceases on any of the following: (a) [t]he appointment, by a court, of a guardian of the person of the child[;] (b) [t]he marriage of the child[;] (c) [t]he child attaining the age of majority." Cal. Fam. Code § 7505. Although difficult to follow, the Court construes Plaintiff's argument that her "rights [were] determined in the 1995–1996 state court proceedings conducted under California Family Code § 7505" as an argument that the order that Plaintiff pay child support for Jennifer's first child terminated Jennifer's parental authority over any children, upon the occurrence of which Plaintiff became the de facto parent of such children. *See* ECF No. 12, at 2. That argument is

without merit. The documents submitted by Plaintiff reflect that Plaintiff lost custody of Jennifer and was ordered to pay child support afterwards. *See* ECF No. 1-2, at 7 (Order Appointing Susan Bemis Guardian to Jennifer Klat), 15 (County Complaint Against Plaintiff to Recover Child Support), 20 (Letter Confirming Child Support Obligation). A child support order does not terminate parental authority under Section 7505. And the documents do not address Plaintiff's parental rights as to Jennifer's first child, nor as to any of her other children, including Mr. Heard. Thus, even if the documents submitted by Plaintiff were an appropriate substitute for a declaration under Cal. Civ. Proc. Code § 377.32, these documents do not plausibly establish her standing to bring a survival claim. Plaintiff fails to state a claim that Defendants violated her constitutional rights by disregarding these documents.

This suit ultimately amounts to an attempt to circumvent the Court's prior dismissals of Plaintiff's survivor § 1983 suit and related state claims arising out of her grandson's death. Although creatively pleaded, Plaintiff fails to state a claim for violation of her due process and equal protection rights. Plaintiff does no more than repackage the same standing arguments that this Court has already rejected.[1] In these circumstances, the Court determines that amendment of her pleading would be futile.

//

//

//

//

---

[1] Plaintiff has been cautioned by two courts that the filing of duplicitous and frivolous lawsuits could result in sanctions. *See Klat v. City of San Diego*, 2026 WL 915026, at *3 (S.D. Cal. Apr. 3, 2026) ("While the Court does not find that Rule 11 sanctions are proper at this time, the Court explicitly warns Plaintiff that if she continues to file duplicative lawsuits against the same individuals, public entities, and officials, she could subject herself to Rule 11 sanctions in the future."); Minute Order, *Klat v. Caesar*, Case No. 1:26-cv-00192-AHA (D.D.C. Feb. 10, 2026) ("The court cautions Klat that additional frivolous filings may necessitate the imposition of a pre-filing injunction.").

For the foregoing reasons, Defendants' motions to dismiss [ECF Nos. 7, 16, and 17] are **GRANTED**. The Complaint is **DISMISSED** without leave to amend. Plaintiff's Ex Parte Motion to Extend County Defendants' Motion to Dismiss Hearing Date, *see* ECF No. 10, is **DENIED** as moot. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge